[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the statement of compensation made by the defendant after it had totally condemned, pursuant to statute, the plaintiff's property located at #19-25 George. Street in the city of New Haven. The property has a 97 foot frontage on George Street and is approximately 141 feet deep. Its square footage is 13,331. It is located in the Central Business District, on the fringe of downtown New Haven and was built in 1941.
On the property is located a two story brick building with a full basement. The building is 69 feet wide and 100 feet deep, with a 14 foot wide driveway on each side of it and a 40 foot deep rear yard. It is equipped with central air conditioning on the second floor, a burglar alarm system, is sprinklered throughout and is serviced by conveyors on the first and second floors. The building is located within one block of ramps to I-91 and I-95.
The statement of compensation filed by the defendant on August 11, 1989 was for $830,000. The deposit has been paid in full to the plaintiff or to others on his behalf.
The duty of the court with respect to an owner whose CT Page 1752 property is taken for public use is to make its best effort to make certain that he is awarded just compensation. The usual measure of just compensation is the fair market value of the property or the price that would probably result from fair negotiations between a willing seller and a willing buyer, taking into account all the factors, including the highest and best use or most advantageous use, weighing and evaluating the circumstances, the evidence, the opinions expressed by the witnesses. Put in another way, the rule is that the trier must take into consideration everything by which value is legitimately affected including those factors which a willing buyer and a willing seller would consider in fairly and advantageously negotiating an agreement. Wronowski v. Redevelopment Agency, 180 Conn. 579, 585, 586; D'Addario v. Commissioner of Transportation, 180 Conn. 355, 365.
The appraiser for the plaintiff has examined the income capitalization and the comparable sales approaches in reaching his valuations of the property. He has, however, after examination, discarded the comparable sales approach as inappropriate because of the paucity of sales which were reasonably comparable, due to the wide differences in size, age and condition and utility of the property with fairly recent sales in the general area of the property's location. The defendant's appraiser used three approved methods of valuation, that is, cost approach, comparable sales and income capitalization. He has prepared two reports, the first having been made June 24, 1988 before the taking. That report is offered, without objection, for the descriptive material only and not the conclusion. The second report was made on September 21, 1990.
The plaintiff's building was built in 1941 by the New Haven Tobacco Co. and has been occupied by that company since that time to the taking date, although owners of the company and title to the property have changed. It housed a retail and wholesale business for the sale of tobacco products, candy, soda and a variety of other items of that nature. The court is and has been familiar with the property and the surrounding area for many years.
The cost approach method of valuation is clearly not suited to the situation before this court having in mind the accrued depreciation problems. While the defendant's appraiser appears to put considerable emphasis on his comparable sales approach, in the view of this court, that approach is also faulted because reasonably close comparables are unavailable. The difference between the subject property and defendant's appraiser's comparables are obvious when the picture exhibits of the properties are viewed and the size, age and the available CT Page 1753 facilities of each are weighed.
Both the plaintiff's and the defendant's appraiser have, as previously indicated, used the income capitalization method in reaching their valuations of the property. The plaintiff's appraiser arrived at a valuation of $925,000 and the defendant's appraiser at a valuation of $875,000. The rental income which the building would produce is, of course, the foundation for a valuation by the income capitalization method. However the defendant's appraiser did not allow any rental income for the basement level of subject property, even though that area contained 6,900 square feet of space with an eight foot ceiling height. In the view of this court such an omission was not reasonable and accounts in large measure for the relatively small difference in valuations reached by the appraisers as indicated previously.
The court finds that the plaintiff is aggrieved by the statement of compensation filed by the defendant and said statement of compensation is revised to $925,000.
The court finds that the fee charged by the plaintiff's appraiser is reasonable and it may be taxed as such. (Exhibit B)
Interest on the compensation awarded by this court in excess of the sum deposited by the defendant on August 11, 1989 may run from that date at the rate of 10%.
Harold M. Mulvey State Trial Referee.